SAMUEL MARER, Landlord, *v.* FRANK ROTHSTEIN, Tenant.

Municipal Court of New York, Borough of Bronx, Second District, February 1, 1935.

*Tetelman & Tetelman* [*Louis Tetelman* of counsel], for the landlord.

*Neidle & Taylor* [*Julius L. Neidle* of counsel], for the tenant.

SULLIVAN, J. The verified petition of the owner of the premises involved in this proceeding, instituted to obtain possession thereof and in addition a personal judgment for rent in arrears, states that on or about August 1, 1929, an agreement was entered into between him, as landlord, and Louis Cuttner and Jack Rothstein, as tenants, who undertook and promised to pay the landlord the rent monthly in advance; that after entering into possession Louis Cuttner assigned his interest in the agreement to Jack Rothstein who thereafter assigned to Frank Rothstein; that the rent due on January 1, 1935, was not paid and that Frank Rothstein, named herein as tenant, is in default. A personal judgment against him for this one installment of rent is sought.

The landlord obtained possession of the premises on the day of trial. No money judgment may be rendered without a final order awarding possession.

The evidence shows that in August, 1934, Jack Rothstein transferred to his brother Frank all his right, title and interest in and

to the fixtures, stock and good will of the business conducted at the premises; that Jack paid the rent to and including the month of December, 1934; that no written assignment of the agreement was made to Frank; that Jack admits liability for the remainder of the term, including the month of January, 1935; and that the only demand made of Frank for that month's rent was through Jack as his alleged agent. These facts appear uncontroverted, except with respect to the demand for payment as to which an issue is raised.

To sustain the claim of personal liability of Frank Rothstein the landlord relies upon legal presumptions. To avail himself of the statutory remedy, however, he is required to establish by competent proof that the conventional relationship of landlord and tenant existed between him and Frank Rothstein. A tenancy or quasi tenancy to present a case within the statute must arise out of some agreement, express or implied, that existed independent of an assignment of the remainder of the term by operation of law. There appears to have been no agreement between the parties to this proceeding.

Legal presumptions must give way to facts. The only conclusion that the facts in this proceeding might justify is that Frank Rothstein was a tenant by sufferance. That appears to be insufficient to warrant the granting of a final order and a money judgment. The landlord has failed to prove a case within the statute. Accordingly, I decide in favor of the tenant.